**Tarrant County District Clerk Online**
Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 3/18/15 2:50 PM |
|---|---|

| Cause Number: | 153-276847-15 | Date Filed: 02-10-2015 |
|---|---|---|

JOEL ALONSO, ET AL            | VS |            ALLSTATE TEXAS LLOYDS

Cause of Action:    CONTRACT, DEBT/CONTRACT

Case Status:    PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 02-10-2015 | PLTFS ORIG PET | I | | | 0.00 |
| 02-10-2015 | CIVIL CASE INFO SHEET | | | | 0.00 |
| 02-10-2015 | COPIES - ELECTRONIC | N | | 4.90 | |
| 02-10-2015 | COURT COST (PAID) trans #3 | Y | | | 4.90 |
| 02-10-2015 | PLTF ORIG PETITION | N | | 274.00 | |
| 02-10-2015 | COURT COST (PAID) trans #5 | Y | | | 274.00 |
| 02-10-2015 | JURY FEE | N | | 30.00 | |
| 02-10-2015 | COURT COST (PAID) trans #7 | Y | | | 30.00 |
| 02-10-2015 | CIT Cert Mail-ISSUED ON ALLSTATE TEXAS LLOYDS-On 02/11/2015 | N | Svc | 83.00 | |
| 02-10-2015 | COURT COST (PAID) trans #9 | Y | | | 83.00 |
| 02-10-2015 | E-FILE TRANSACTION FEE | N | | 2.00 | |
| 02-10-2015 | COURT COST (PAID) trans #11 | Y | | | 2.00 |
| 02-20-2015 | CIT Cert Mail Tr# 9 RET EXEC(ALLSTATE TEXAS LLOYDS ) On 02/17/2015 | I | | | 0.00 |
| 02-27-2015 | CERTIFIED MAIL RECEIPT/ALLSTATE TX LLOYDS | I | | | 0.00 |
| 03-16-2015 | DEFN ORIG ANS TO PLTFS ORIG PET (ALLSTATE TX LLOYD ) | I | | | 0.00 |
| 03-16-2015 | E-FILE TRANSACTION FEE | N | | 2.00 | |
| 03-16-2015 | COURT COST (PAID) trans #16 | Y | | | 2.00 |

**District Clerk's Office**

Tim Curry Justice Center

401 West Belknap, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster



153-276847-15

FILED
TARRANT COUNTY
2/10/2015 4:18:17 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____

| | | |
|---|---|---|
| JOEL ALONSO AND MARIA ALONSO | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL COURT |
| | § | |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | TARRANT COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Come Joel Alonso and Maria Alonso, hereinafter referred to as "Plaintiffs," complaining of Defendant, Allstate Texas Lloyd's, hereinafter referred to as "Defendant," and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

Plaintiffs, Joel Alonso and Maria Alonso, are individuals and residents of Texas.

Defendant, Allstate Texas Lloyd's ("Allstate"), is a Texas domestic Lloyd's plan insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. Additionally, one or more of Allstate's "members" are citizens of Texas. Allstate can be served with citation by serving its registered agent, C T Corporation System, by certified mail, return receipt requested, at 1999 Bryan Street Suite 900, Dallas, Texas 75201-3136.



EXHIBIT
B-1

153-276847-15

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Tarrant County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Tarrant County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code § 15.032 (see below).

### IV.  CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.    Plaintiffs are the holders of insurance Policy Number 000929481678 issued by the Defendant (hereinafter referred to as the "Policy").

B.    Plaintiffs owned the insured property, which is specifically located at 3708 College Ave., Fort Worth, Texas 76110 on May 12, 2014 (hereinafter referred to as the "Property").

C.    Defendant or its agent sold the Policy, insuring the Property, to Plaintiffs.

D.    On or about May 12, 2014, a wind and hailstorm struck the Fort Worth, Texas area causing damage to Plaintiffs' home.

E.    In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to Defendant against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm.  Plaintiffs asked that Defendant cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.    Defendant assigned claim number 0337517353 to Plaintiffs' claim.

G.    Defendant hired and/or assigned an adjuster to adjust the claim.

153-276847-15

H.    Defendant and/or its agent improperly adjusted the Plaintiffs' claim. Without limitation, Defendant's adjuster misrepresented the cause of, scope of, and cost to repair the damage to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim/loss under Plaintiffs' Policy. Through Defendant's adjuster, Defendant made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, and without knowledge of the truth. Defendant made these false representations with the intent that Plaintiffs act in accordance with said misrepresentations. Plaintiffs relied on the Defendant's misrepresentations, including but not limited to those regarding the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs have been damaged as a result of such reliance.

I.    Because Defendant underpaid Plaintiffs on Plaintiffs' insurance claim, Plaintiffs have not been able to properly and completely repair the damages to Plaintiffs' Property. This has caused additional, further damage to Plaintiffs' property. Defendant also advised Plaintiffs as to how they could repair their Property so as to prevent further damage to the Property. This advice, however, was false because Plaintiffs could not properly repair the Property and prevent future damage by following Defendant's advice, due both to the fact that the advice was false and to Defendant's failure to pay for damages covered under the Policy. Plaintiffs' Property has sustained further damages as a result.

J.    Defendant misrepresented that the damages caused by the wind and hailstorm were only $997.18. However, Defendant's representations were false because Plaintiffs' damages exceed $26,000.00.

153-276847-15

K.   Defendant failed to properly adjust the claims and Defendant has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

L.   These false representations allowed Defendant to financially gain by wrongfully denying at least a portion of Plaintiffs' claim.

M.   Plaintiffs' claim(s) still remain unpaid and the Plaintiffs still have not been able to properly repair the Property.

N.   Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

O.   Defendant misrepresented to Plaintiffs that some of the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

P.   Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

Q.   Defendant failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any

153-276847-15

explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. TEX. INS. CODE Section 541.060(a)(3).

R.    Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

S.    Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

T.    Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadline. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

U.    Defendant failed to accept or deny Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes

153-276847-15

violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

V.      Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

W.      From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

X.      As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing Plaintiffs with respect to these causes of action.

Y.      Plaintiffs' experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder. Specifically, Defendant received a benefit when it refused to pay Plaintiffs' entire claim because it retained thousands of dollars that should rightfully have been paid to Plaintiffs under the Policy.

153-276847-15

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, Defendant has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiffs' Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, Defendant did not request from Plaintiffs any items, statements, or forms that it reasonably believed at that time would be required from Plaintiffs for their claim. As a result, Defendant has violated Section 542 by failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe. Defendant also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period. In addition, in the

event it is determined that Defendant owes Plaintiffs any additional monies on Plaintiffs' claim, then Defendant has automatically violated Section 542 in this case.

## C. DTPA Cause of Action

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiffs are consumers of goods and services provided by Defendant pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) its failure to give Plaintiffs the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiffs' Property on which liability had become reasonably clear, which gives Plaintiffs the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

153-276847-15

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendant has breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policy. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts,

153-276847-15

omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.  Cause of Action for Unfair Insurance Practices**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code.  Plaintiffs have satisfied all conditions precedent to bringing this cause of action.  By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code.  Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendant's failure to pay for the proper repair of Plaintiffs' Property on which liability had become reasonably clear.  They further include Defendant's failure to give Plaintiffs the benefit of the doubt.  Specifically, as described in Plaintiffs' factual allegations, Defendant is guilty of the following unfair insurance practices:

    A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    B.    Engaging in unfair claims settlement practices;

    C.    Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

    D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

    E.    Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F.    Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

G.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

153-276847-15

## VII.  WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VIII.  DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' property and any investigative and engineering fees incurred in the claim.  Plaintiffs are also entitled to recover consequential damages from Defendant's breach of contract.  Plaintiffs are also entitled to recover the amount of Plaintiffs' claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees.  In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs seek only monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Furthermore, Plaintiffs' damages do not exceed $75,000.00. Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX.  ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.  Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

153-276847-15

## X.  EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XI.  ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees.  Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII.  JURY DEMAND

Plaintiffs assert Plaintiffs' right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.  Plaintiffs tender the fee of $30.00, as required by Texas Government Code Section 51.604.

153-276847-15

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 East, Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____
MANUEL CARDENAS
Texas State Bar No. 24082774
manny@speightsfirm.com

**ATTORNEY FOR PLAINTIFFS**

153-276847-15



FILED
TARRANT COUNTY
2015 FEB 27 PM 12:35
THOMAS A. WILDER
DISTRICT CLERK

153-276847-15 CM
**Sent To** ALLSTATE TEXAS LLOYDS
**Street, A;** B/S CT CORPORATION SYSTEM RE AGT
**or PO Bo** 1999 ST STE 900
**City, Stat** DALLAS, TX 75201



EXHIBIT
B-2

Cause Number 153-276847-15

JOEL ALONSO, ET AL

VS

FILED
TARRANT COUNTY ALLSTATE TEXAS LLOYDS

2015 FEB 20  PM 12: 42

THOMAS A. WILDER
DISTRICT CLERK

OFFICER'S RETURN

Received   this   Citation By Certified Mail   on   the 11th day of February, 2015 at 1.55 PM , and executed at
B/S CT CORPORATION SYSTEM REG AGT 1999 BRYAN ST STE 900 DALLAS TX 75201 3136

within the county of _____ State of TX on the  17th day of February, 2015  by  mailing  to
the within named  ALLSTATE TEXAS LLOYDS _____ a true copy of this  Citation By Certified Mail
together with the accompanying copy of:
PLAINTIFFS' ORIGINAL PETITION _____

Authorized Person/Constable/Sheriff: Thomas A. Wilder
401 W BELKNAP
FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By _____ Deputy
Fees $  75.00           KIMBERLY KRUMLAND

(Must be verified if served outside the State of Texas)
State of _____ County of _____
Signed and sworn to by the said _____ before me this _____
to certify which witness my hand and seal of office

(Seal)                          _____

County of Tarrant, State of Texas

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

153-276847-15
ALLSTATE TEXAS LLOYDS
B/S CT CORPORATION SYSTEM RE AGT
1999 ST STE 900
DALLAS, TX 75201

*15327684715000009*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent   ☐ Addressee

B. Received by (Printed Name)    Chris Well    FEB 17 2015

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☑ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7014 0510 0001 4740 0156

PS Form 3811, July 2013          Domestic Return Receipt



EXHIBIT
b-3



FILED
TARRANT COUNTY
2015 FEB 20   PM 12: 42
THOMAS A. WILDER
DISTRICT CLERK

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

| *CITATION* | Cause No. 153-276847-15 |

JOEL ALONSO, ET AL
VS.
ALLSTATE TEXAS LLOYDS

TO: ALLSTATE TEXAS LLOYDS

B/S CT CORPORATION SYSTEM REG AGT 1999 BRYAN ST STE 900 DALLAS, TX 75201-313
US

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof
before the 153rd District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth,
Tarrant County, Texas said PLAINTIFF being

JOEL ALONSO, MARIA ALONSO

Filed in said Court on February 10th, 2015 Against
ALLSTATE TEXAS LLOYDS

For suit, said suit being numbered 153-276847-15 the nature of which demand is as shown on said
PLAINTIFFS' ORIGINAL PETITION a copy of which accompanies this citation.

MANUEL A CARDENAS
Attorney for JOEL ALONSO Phone No. (210)495-6789
Address     1350 N LOOP 1604 E STE 104 SAN ANTONIO, TX 78232

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 11th day of February, 2015.

By _____ Deputy
       KIMBERLY KRUMLAND

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION having first
endorsed on same the date of delivery.

_____
_____

        Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                   _____
                        County of _____, State of _____

## *CITATION*

Cause No. 153-276847-15

JOEL ALONSO, ET AL

VS.

ALLSTATE TEXAS LLOYDS

ISSUED

This 11th day of February, 2015

    Thomas A. Wilder
Tarrant County District Clerk
    401 W BELKNAP
FORT WORTH TX 76196-0402

By      KIMBERLY KRUMLAND Deputy

MANUEL A CARDENAS
Attorney for: JOEL ALONSO
Phone No. (210)495-6789
ADDRESS: 1350 N LOOP 1604 E STE 104

    SAN ANTONIO, TX 78232

## *CIVIL LAW*

```
FILED
TARRANT COUNTY

2015 FEB 20  PM 12: 11

THOMAS A. WILDER
DISTRICT CLERK
```



*15327684715000009*

153-276847-15

FILED
TARRANT COUNTY
3/16/2015 9:49:59 AM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 153-276847-15**

| | | |
|---|---|---|
| **JOEL ALONSO AND MARIA ALONSO** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiffs,* | § | |
| **vs.** | § | **153RD JUDICIAL COURT** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S** | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| *Defendant.* | § | |

---

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, ALLSTATE TEXAS LLOYD'S ("Defendant") and files this, its Original Answer and would respectfully show as follows:

### I. ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiffs' Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Texas Lloyd's prays that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendant, but Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.



---

153-276847-15

Respectfully submitted,


By:   /s/Travis M. Brown
          Roger D. Higgins
          State Bar. No. 9601500
          Travis M. Brown
          State Bar No. 24061890

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas, 700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8256
Facsimile:  (214) 871-8209
Email:  dbuechler@thompsoncoe.com

**ATTORNEY FOR ALLSTATE TEXAS LLOYD'S**


### CERTIFICATE OF SERVICE

This is to certify that on the 16th day of March, 2015, a true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Texas Rules of Civil Procedure as follows:

Manuel A. Cardenas
Speights & Worrich
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
Telephone:  (210) 495-6789
Facsimile: (210) 495-6790
*Counsel for Plaintiffs*

          /s/Travis M. Brown
          Travis M. Brown